UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGO LOONEY, | No. 2:23-cv-0246 WBS CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| GIGI MATTESION, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On August 29, 2023, plaintiff's amended complaint was dismissed with leave to file a second amended complaint. Plaintiff has now filed a second amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

In the second amended complaint, plaintiff essentially complains about being housed in Central and Northern California as opposed to Southern California where he would be closer to family. As the court informed plaintiff in the March 2, 2023, screening order, there is no federal right to be housed at a particular prison within a state's prison system. Meachum v. Fano, 427

U.S. 215, 224 (1976).  An inmate has a right under the Eighth Amendment not to be subjected to cruel and unusual punishment, which includes not being housed in conditions of confinement presenting a substantial risk of serious harm.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Plaintiff fails to show that prison officials are violating his rights under the Eighth Amendment by failing to house plaintiff in Southern California.

Plaintiff also suggests a violation of the Equal Protection Clause of the Fourteenth Amendment in that he cannot obtain a favorable transfer while other inmates can.  The Equal Protection Clause generally protects against unequal treatment as a result of intentional or purposeful discrimination.  Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997).  Plaintiff fails to point to anything suggesting discrimination or that he has been treated any differently than persons with whom he is similarly situated.  Id.

For all of the foregoing reasons, plaintiff fails to state a claim upon which relief can be granted in his second amended complaint.  Accordingly, the second amended complaint must be dismissed.  The court does not grant leave to file a third amended complaint as a review of all of plaintiff's pleadings indicates that doing so would be futile.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's second amended complaint be dismissed for failure to state a claim upon which relief can be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified

/////
/////
/////
/////

time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 29, 2023

_/s/ Carolyn K. Delaney_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
loon0246.frs